UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THOMAS C. ARMSTRONG (#A35872)             CIVIL ACTION

VERSUS

ASCENSION PARISH JAIL, ET AL.              NO. 07-0039-B-M3

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, this ___14th___ day of May, 2008.

                                                     _____
                                                     DOCIA L. DALBY
                                                     MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THOMAS C. ARMSTRONG (#A35872)  CIVIL ACTION

VERSUS

ASCENSION PARISH JAIL, ET AL.  NO. 07-0039-B-M3

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the parties' cross-motions for Summary Judgment, rec.doc.nos. 21 and 24.

The pro se plaintiff, a pretrial detainee confined at the Ascension Parish Jail, Donaldsonville, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against the Ascension Parish Jail and Warden Bobby Webre, complaining that the defendants have violated his constitutional rights through deliberate indifference to his serious medical needs, by failing to provide him with appropriate medical treatment for his eyes.[1]

Both the defendants and the plaintiff move for summary judgment relying upon the pleadings and Statements of Uncontested Material Facts.

On motion for summary judgment, the focus of the Court is upon whether the evidentiary materials on file and in the record "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56. Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Fed.R.Civ.P. 56(e). The party who moves for summary judgment has the initial burden of informing the Court of the basis for the motion and identifying those parts of the record which the party

---

[1] By amended Complaint, the plaintiff has added Nurse Michelle Gaudin as a defendant herein. Nurse Gaudin, however, has not yet been served with process and so has neither appeared in this proceeding nor joined in the defendants' motion for summary judgment.

believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "To satisfy this burden, the movant may either (1) submit evidentiary documents that negate the existence of some material element of the opponent's claim or defense, or (2) if the crucial issue is one on which the opponent will bear the ultimate burden of proof at trial, demonstrate that the evidence in the record insufficiently supports an essential element of the opponent's claim or defense." Little v. Liquid Air Corp., 939 F.2d 1293, 1299 (5th Cir. 1991), withdrawn and superceded on reh'g, 952 F.2d 841 (1992), reversed on reh'g en banc, 37 F.3d 1069 (1994)(per curium). Supporting affidavits must set forth facts which would be admissible in evidence, and opposing responses must set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P 56(e).

In his Complaint, the plaintiff alleges that in April, 2006, he began attempting to obtain medical treatment for his eyes. He asserts that he has suffered with "severe headaches" and that his vision is "steadily getting worse". He has visited the nurse in the prison infirmary on multiple occasions, but the nurse has stated that there is nothing she can do for him. He asserts that medical treatment by an eye specialist is neither available nor provided at the jail, and that when such specialized treatment is requested, it is instead provided by unqualified personnel. In supplemental pleadings before the Court, the plaintiff acknowledges that, in June, 2007, more than a year after first requesting treatment, he was seen by a physician in response to his complaints and was provided with appointments to see an eye doctor.

Initially, the plaintiff has named the Ascension Parish Jail as a defendant herein. Under Rule 17(b) of the Federal Rules of Civil Procedure, the capacity to sue or be sued must be determined by the law of the state in which the district court is held. Under Louisiana law, it is well-settled that a sheriff's department or "parish prison" is not a separate legal entity capable of being sued. Valentine v. Bonneville Ins. Co., 691 So.2d 665 (La. 1997); Jenkins v. Jefferson Parish

Sheriff's Office, 385 So.2d 578 (La. App. 4th Cir. 1980). Accordingly, the plaintiff's claims against the Ascension Parish Jail must be dismissed.

Turning to the plaintiff's claims against Warden Bobby Webre, the defendant contends that the plaintiff fails to state a constitutional claim against him. In this regard, in order for a claimant to prevail on an Eighth Amendment claim of improper or inadequate medical care, the claimant must be prepared to show that care has been denied and that the denial has constituted "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Johnson v. Treen, 759 F.2d 1236 (5th Cir. 1985). Whether a claimant has received the treatment or accommodation which he believes he should have is not the issue. Estelle v. Gamble, supra; Woodall v. Foti, 648 F.2d 268 (5th Cir. 1981). Nor do negligence, neglect, medical malpractice, mis-diagnosis or unsuccessful medical treatment give rise to a § 1983 cause of action. Varnado v. Lynaugh, 920 F.2d 320 (5th Cir. 1991); Johnson v. Treen, supra. Rather, "subjective recklessness as used in the criminal law" is the appropriate definition of "deliberate indifference" under the Eighth Amendment. Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). As stated in Farmer, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

The Court concludes, on the record before it, that both motions for summary judgment should be denied at this juncture. Neither party has introduced medical records, affidavits or documentation to reflect the severity of the plaintiff's medical condition or the treatment provided or available to him in response to his complaints. Whereas the defendant contends that the plaintiff's condition did not and does not rise to the level of a "serious medical need", there is no evidence in the record upon which this determination may be made. Several courts within this Circuit have recognized that "in some circumstances, a vision impairment may be so severe as to constitute a serious medical need", Glass v. Orleans Parish Criminal Sheriff, 2005 WL 1501019 (E.D. La. June 22, 2005), and that "poor vision may, under certain circumstances", reach this

milestone, Swaissi v. Cotten, 2002 WL 492905 (N.D. Tex. March 28, 2002), citing Koehl v. Dalsheim, 85 F.3d 86 (2nd Cir. 1996), and Benter v. Peck, 825 F.Supp. 1411 (S.D. Iowa 1993). Accordingly, whereas the plaintiff will surely face a difficult hurdle in establishing that his condition reached this level of severity, it is appropriate that an evidentiary foundation be provided to the Court before the Court makes such determination. See Glass v. Orleans Parish Criminal Sheriff, supra (plaintiff's claim dismissed on summary judgment where evidence was before court regarding treatment provided by eye doctors and extent of plaintiff's condition). See also Stewart v. Malone, 2006 WL 2193388 (W.D. La. Aug. 1, 2006)(plaintiff's claim dismissed on summary judgment where evidence was presented that the plaintiff was placed on a list to see an eye doctor and where his principal complaints were merely that eye doctors only visited the prison once per month and that eyeglasses were not provided to him until after he had seen a physician); Haltom v. Rachal, 2006 WL 3919114 (W.D. La. Nov. 14, 2006)(plaintiff's claim dismissed as frivolous where information was before court relative to plaintiff having been provided with appointments to see an eye doctor and ultimately provided with eyeglasses). While it is likely that, on a subsequent motion for summary judgment, the defendants will be able, through the introduction of competent medical affidavits and the admission of the plaintiff's medical records, to show that they have not subjectively disregarded "a substantial risk of serious harm" to the plaintiff's health or well-being, such evidence is not currently before the Court. Accordingly, it is appropriate for the Court to defer ruling on this claim pending an evidentiary showing.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the plaintiff's motion for summary judgment, rec.doc.no. 24, be denied. It is the further recommendation of the Magistrate Judge that the defendants' motion for summary judgment, rec.doc.no. 21, be granted in part, dismissing the

plaintiff's claims against the Ascension Parish Jail, and denied in part with respect to Warden Bobby Webre, and that this action be referred back to the Magistrate Judge for further proceedings.

Baton Rouge, Louisiana, this ____14____ day of May, 2008.

_____
DOCIA L. DALBY
MAGISTRATE JUDGE