UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THOMAS C. ARMSTRONG (#A35872)　　　　　　　　　　　　CIVIL ACTION

VERSUS

ASCENSION PARISH JAIL, ET AL.　　　　　　　　　　　　NO. 07-0039-FJP-DLD

## NOTICE

　　　　Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

　　　　In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

　　　　ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

　　　　Baton Rouge, Louisiana, this 31st day of March, 2010.

　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　DOCIA L. DALBY
　　　　　　　　　　　　　　　　　　　　　　　　　　　MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THOMAS C. ARMSTRONG (#A35872)                     CIVIL ACTION

VERSUS

ASCENSION PARISH JAIL, ET AL.                    NO. 07-0039-JFP-DLD

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the defendants' Motion for Summary Judgment, rec.doc.no. 43. This motion is not opposed.

The pro se plaintiff, a pretrial detainee previously confined at the Ascension Parish Jail, Donaldsonville, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against the Ascension Parish Jail, Warden Bobby Webre and Nurse Michelle Gaudin, complaining that the defendants violated his constitutional rights through deliberate indifference to his serious medical needs, specifically by failing to provide him with appropriate medical treatment for his eyes. Pursuant to earlier Report and Recommendation, approved by the District Judge on June 19, 2008, see rec.doc.nos. 35 and 40, the Court has dismissed the plaintiff's claim asserted against the Ascension Parish Jail.

The defendants now move for summary judgment relying upon the pleadings, a Statement of Uncontested Material Facts, uncertified excerpts from the plaintiff's administrative remedy proceedings and medical records, and three unreported decisions from other Districts within this Circuit, Swaissi v. Cotten, 2002 WL 492905 (N.D. Tex., March 28, 2002), Glass v. Orleans parish Criminal Sheriff, 2005 WL 1501019 (E.D. La., June 22, 2005), and Cornelius v. Foti, 1997 WL 466810 (E.D. La., Aug. 12, 1997).

On a motion for summary judgment, the focus of the Court is upon whether the evidentiary materials on file and in the record "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56. Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Fed.R.Civ.P. 56(e). The party who moves for summary judgment has the initial burden of informing the Court of the basis for the motion and identifying those parts of the record which the party believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "To satisfy this burden, the movant may either (1) submit evidentiary documents that negate the existence of some material element of the opponent's claim or defense, or (2) if the crucial issue is one on which the opponent will bear the ultimate burden of proof at trial, demonstrate that the evidence in the record insufficiently supports an essential element of the opponent's claim or defense." Little v. Liquid Air Corp., 939 F.2d 1293, 1299 (5th Cir. 1991), withdrawn and superceded on reh'g, 952 F.2d 841 (1992), reversed on reh'g en banc, 37 F.3d 1069 (1994)(per curium). Supporting affidavits must set forth facts which would be admissible in evidence, and opposing responses must set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P 56(e).

In his Complaint, the plaintiff alleges that in April, 2006, he began attempting to obtain medical treatment for his eyes. He asserts that he suffered with "severe headaches" and that his vision was "steadily getting worse". He visited the nurse in the prison infirmary on multiple occasions, but the nurse stated that there was nothing she could do for him. He asserts that medical treatment by an eye specialist was neither available nor provided at the jail, and that when such specialized treatment was requested, it was instead provided by unqualified personnel. In supplemental pleadings before the Court, the plaintiff acknowledges that, in June, 2007, a little over a year after first requesting treatment, he was seen by a physician who referred him for an

appointment to see an eye doctor. In September, 2007, he was provided with prescription eyeglasses.

In response to the plaintiff's allegations, the defendants assert that they are entitled to qualified immunity in connection with the plaintiff's claims made against them. Specifically, the defendants contend that the plaintiff has failed to make sufficient allegations of conduct on their part which rises to the level of a violation of the plaintiff's constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. Hale v. Townley, 45 F.3d 914 (5th Cir. 1995). As enunciated in Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendants' conduct violated the plaintiff's constitutional rights. Second, the district court looks to whether the rights allegedly violated were clearly established. This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful <u>in the situation which he confronted</u>. Id. In the instant case, the defendants assert that the plaintiff's claim fails in the first instance because he has failed to allege facts in the Complaint which would support a finding that they participated in any violation of his constitutional rights.[1]

Undertaking the Saucier analysis, and based upon the same reasoning utilized by the Court denied the defendants' prior motion for summary judgment, the Court concludes that the defendants' motion must be denied.

---

[1] The United States Supreme Court has recently held that rigid chronological adherence to the Saucier two-step methodology is no longer mandatory. Pearson v. Callahan, ___ U.S. ___, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009). Although the Saucier methodology will be "often beneficial", the Callahan Court leaves to the lower courts discretion as to the order in which they may wish to address the two prongs of the qualified immunity analysis.

The Eighth Amendment to the United States Constitution prohibits the wanton infliction of pain. Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). However, in order to state a claim under the Eighth Amendment of improper or inadequate attention to medical needs, a prisoner must assert both that appropriate care was denied and that the denial constituted "deliberate indifference to serious medical needs." Estelle v. Gamble, supra; Johnson v. Treen, 759 F.2d 1236 (5th Cir. 1985). Whether the plaintiff received the treatment or accommodation that he feels he should have is not the issue. Estelle v. Gamble, supra; Woodall v. Foti, 648 F.2d 268 (5th Cir. 1981). Nor do negligence, neglect, medical malpractice or unsuccessful medical treatment give rise to a § 1983 cause of action. Varnado v. Lynaugh, 920 F.2d 320 (5th Cir. 1991); Johnson v. Treen, supra. Rather, as stated in Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."

In denying the defendants' initial motion for summary judgment addressed to this issue, the Court found that the defendants had failed to introduce medical records, affidavits or other documentation to reflect the severity of the plaintiff's medical condition or the treatment provided or available to him in response to his complaints. In the instant motion, similarly, whereas the defendants have attached copies of documents which purport to be the plaintiff's medical records and administrative grievance records, these documents are neither certified not supported by sworn affidavit and so are not properly before the Court. See Martin v. John W. Stone Oil Distributor, Inc., 819 F.2d 547 (5th cir. 1987)("Unsworn documents are ... not appropriate for consideration [on motion for summary judgment]"). Rule 56(c)(2) and (e) of the Federal Rules of Civil Procedure provide that a motion for summary judgment may be supported by depositions, discovery responses, affidavits, or certified or sworn copies of admissible documents. "To be considered by the court, 'documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence.'... A

document which lacks a proper foundation to authenticate it cannot be used to support a motion for summary judgment." Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc., 896 F.2d 1542 (9th cir. 1989). See also, e.g.,; Cummings v. Roberts, 628 F.2d 1065 (8thCir. 1980)(Seventeen pages of medical records attached to affidavit "were not certified as required by Fed.R.Civ.P. 56(e) and thus were not properly considered by the district court."); Hamilton v. Keystone Tankship Corp., 539 F.2d 684 (9th Cir. 1976)("Exhibits which have not had a proper foundation laid to authenticate them cannot support a motion for summary judgment."); Moffett v. Jones County, 2009 WL 1515119 (S.D. Miss., June 1, 2009)("The records are not certified ... nor sworn in any way, thus they are inadmissible"); Rizzuto v. Allstate Ins. Co., 2009 WL 1158677 (E.D. La., April 27, 2009)(same); 10A Charles Alan Wright, et al., Federal Practice & Procedure § 2722 (3rd ed. 1998). Accordingly, the documents provided by the defendants are not admissible on summary judgment. Further, the defendants have not presented the affidavits of either of the defendants as to the care that was provided or available to the plaintiff at the Ascension Parish Jail, nor have they presented an affidavit from any medical expert competent to testify regarding the severity of the plaintiff's condition or the appropriateness of his treatment. Accordingly, although the defendants contend that the plaintiff's condition does not rise to the level of a "serious medical need" for which care was not provided, there is no competent evidence in the record upon which this determination may be made. Several courts within this Circuit have recognized that "in some circumstances, a vision impairment may be so severe as to constitute a serious medical need", Glass v. Orleans Parish Criminal Sheriff, 2005 WL 1501019 (E.D. La. June 22, 2005), and that "poor vision may, under certain circumstances", reach this milestone, Swaissi v. Cotten, 2002 WL 492905 (N.D. Tex. March 28, 2002), citing Koehl v. Dalsheim, 85 F.3d 86 (2nd Cir. 1996), and Benter v. Peck, 825 F.Supp. 1411 (S.D. Iowa 1993). Accordingly, whereas the plaintiff faces a difficult hurdle in establishing that his condition reached this level of severity, it is appropriate that an evidentiary foundation be provided to the Court before this determination may be made. See Glass v. Orleans Parish Criminal Sheriff, supra (plaintiff's

claim dismissed on summary judgment where evidence was before court regarding treatment provided by eye doctors and extent of plaintiff's condition). See also Stewart v. Malone, 2006 WL 2193388 (W.D. La. Aug. 1, 2006)(plaintiff's claim dismissed on summary judgment where evidence was presented that the plaintiff was placed on a list to see an eye doctor and where his principal complaints were merely that eye doctors only visited the prison once per month and that eyeglasses were not provided to him until after he had seen a physician); Haltom v. Rachal, 2006 WL 3919114 (W.D. La. Nov. 14, 2006)(plaintiff's claim dismissed as frivolous where information was before court relative to plaintiff having been provided with appointments to see an eye doctor and ultimately provided with eyeglasses). While it is likely that, on a properly supported motion for summary judgment, through the introduction of (1) the plaintiff's certified medical records, (2) competent medical affidavit(s) regarding the severity of the plaintiff's condition and the appropriateness of his treatment, and (3) affidavits by the defendants relative to the medical care provided, the defendants will be able to show that they did not subjectively disregard "a substantial risk of serious harm" to the plaintiff's health or well-being, such evidence is not currently before the Court. Accordingly, it is appropriate for the Court to again defer ruling on this claim pending a proper evidentiary showing.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the defendants' motion for summary judgment, rec.doc.no. 43, be denied, and that this action be referred back to the Magistrate Judge for further proceedings.

Baton Rouge, Louisiana, this 31st day of March, 2010.

DOCIA L. DALBY
MAGISTRATE JUDGE